1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  CARLOS HENDON,                        )   Civil No. 06cv1060-J(NLS)
                                          )
12                        Plaintiff,      )   **REPORT AND RECOMMENDATION**
                                          )   **OF U.S. MAGISTRATE JUDGE RE:**
13  v.                                    )   **DEFENDANTS' MOTION TO DISMISS**
                                          )
14  RAMSEY, et al.,                       )
                                          )   [Doc. No. 28]
15                        Defendants.     )
    ——————————————————————————            )

16          Plaintiff Carlos Hendon ("Plaintiff"), a California state prisoner proceeding *pro se*, has filed a

17  complaint pursuant to 42 U.S.C. § 1983, in which he alleges that prison medical staff forcibly drugged

18  him in violation of his civil rights.  Defendants move to dismiss the complaint for failure to exhaust

19  administrative remedies and for failure to file a timely government claim prior to filing suit in federal

20  court.  Plaintiff opposes the motion.  After a thorough review, the Court **RECOMMENDS** that

21  Defendants' motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiff be

22  **GRANTED** leave to file an amended complaint.

23                                  **BACKGROUND**

24          Because this case comes before the Court on a motion to dismiss, the Court must accept as true

25  all material allegations in the complaint and must also construe the complaint, and all reasonable

26  inferences drawn therefrom, in the light most favorable to Plaintiffs.  *Thompson v. Davis*, 295 F.3d 890,

27  895 (9th Cir. 2002).

28  / / /

Plaintiff is an inmate committed to the custody of the California Department of Corrections ("CDC"), and is currently housed at California State Prison–Sacramento ("CSP Sacramento") in Represa, California.  Plaintiff complains of events which took place while he was housed at R.J. Donovan Correctional Facility ("RJDCF") in San Diego, California.  (*Complaint* ¶ 3.)  Plaintiff has named multiple defendants in his complaint, including Homer Ramsey, a psychiatrist at RJDCF, Margo Parker, a psychologist at RJDCF, several registered nurses employed at the prison, an unnamed medical contractor, a medical technical assistant, and various named RJDCF correctional officers.  (*Id*. ¶¶ 4-8.)

According to the complaint, defendants Ramsey and Parker diagnosed Plaintiff as being suicidal, psychotic, and a potential danger to others.  As a result, Plaintiff received "mental health crisis bed treatment."  Defendants Ramsey and Parker prescribed psychotropic drugs and ordered Plaintiff to take the prescribed medication against his will.  Various other defendants aided in forcibly medicating Plaintiff by extracting him from his cell and/or administering the medications to Plaintiff.  (*Complaint* ¶ 12.)  Plaintiff was subjected to repeated treatments, lasting for varying lengths of time.  (*Id*. ¶ 14.)  Plaintiff suffered side effects from the administered medications, including stiffness, a shuffling gait, weight gain, high blood pressure and cholesterol, dry mouth, hallucinations, and symptoms akin to having Parkinson's disease.  (*Id*. ¶ 17.)  Plaintiff alleges that California Department of Corrections ("CDC") policy requires notice to a prisoner and a hearing in front of a medications review panel prior to drugging a prisoner forcibly, and that he received neither.  (*Id*. ¶ 16.)  Based on these facts, Plaintiff alleges that he was denied due process of law in violation of his Fourteenth amendment rights, and also alleges state law claims of negligence against all Defendants for negligence in their official capacities.  (*Id*. ¶¶ 19-21.)  Plaintiff further alleges that the actions of the collective defendants constitute deliberate indifference to his medical needs in violation of his Eighth amendment rights.  (*Id*. ¶¶ 22-23.)  Plaintiff seeks compensatory and punitive damages.  (*Id*.)

Defendants move to dismiss, arguing that Plaintiff did not properly exhaust his administrative remedies before filing this lawsuit.  Defendants also contend that Plaintiff's state law claims of negligence should be dismissed for failure to file a timely government claim pursuant to the California Tort Claims Act, Cal. Gov't. Code §§ 900 *et seq*.  (*Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss ("Memorandum")*, 1.)

1

<u>DISCUSSION</u>

2      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of

3  the plaintiff's claims.  *See* Fed. R. Civ. P. 12(b)(6).  The issue is not whether the plaintiff will ultimately

4  prevail, but solely whether he has stated a claim upon which relief could be granted.  *Jackson v. Carey*,

5  353 F.3d 750, 755 (9th Cir. 2003).  When the plaintiff is appearing *pro se*, the court must construe the

6  pleadings liberally and afford the plaintiff any benefit of the doubt.  *Thompson*, 295 F.3d at 895; *Karim-*

7  *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  This rule of liberal construction

8  is particularly important in civil rights cases.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

9  In giving liberal interpretation to a *pro se* civil rights complaint, however, the court is not permitted to

10  "supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ.*

11  *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

12      **1.      Federal Claims: Exhaustion of Administrative Remedies**

13      As an initial matter, the Court must address Defendants' argument that Plaintiff failed to exhaust

14  his administrative remedies, because exhaustion is a prerequisite to bringing suit under the Prison

15  Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524

16  (2002); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).  The PLRA provides in pertinent part,

17  "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted."  42

18  U.S.C. § 1997e(a).  In a motion to dismiss for failure to exhaust administrative remedies under

19  non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, Defendants "have the burden of

20  raising and proving exhaustion."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The parties

21  may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but the

22  plaintiff must be provided with notice of his opportunity to develop a record.[1]  *Wyatt*, 315 F.3d at 1120

23  n. 14.  Should Defendants submit declarations and/or other documentation demonstrating an absence of

24  exhaustion, making a prima facie showing, Plaintiff must refute that showing; however, the ultimate

25  burden remains with Defendants.  If the court determines that Plaintiff has failed to exhaust, dismissal

26  without prejudice is the appropriate remedy for non-exhaustion of administrative remedies.  *Wyatt*, 315

27  F.3d at 1120.

28

---

[1] The Court provided Plaintiff with such fair notice by Order filed on September 25, 2006 [Doc. No. 29].

1    The administrative appeals process for California inmates is set forth in Title 15 of the California

2    Code of Regulations, which provides, "Any inmate. . . may appeal any departmental decision, action,

3    condition, or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code

4    Regs. tit. 15 § 3084.1(a).  The process consists of four steps.  The first step is for the inmate to attempt

5    to informally resolve his or her problem with the staff member involved.  *Id.* at § 3084.5(a).  If

6    unsuccessful, the inmate can submit a grievance on the CDC inmate appeal form, called a "602" form.

7    *Id.* at § 3084.5(b).  If denied at that level, the inmate can appeal to the second level of formal review

8    conducted by the institution head or his/her designee.  *Id.* at § 3084.5(c).  The third and final level of

9    formal review, called the "Director's Level," is conducted by the Director of CDC or his/her designee.

10   Cal. Dept. of Corr. Operations Manual § 54100.11; *Nichols v. Logan*, 355 F.Supp.2d 1155, 1161

11   (S.D.Cal. 2004).

12   Defendants argue that Plaintiff failed to exhaust his administrative remedies as required under

13   the PLRA and therefore his complaint should be dismissed on procedural grounds.  Defendants claim

14   that Plaintiff failed to pursue his grievance to the third and final Director's level of review.

15   (*Defendants' Memorandum*, 3.)  Defendants base their claim on the results of an Inmate Appeals records

16   search which  revealed no documentary evidence that Plaintiff appealed to the Director's level of review

17   in this instance.  According to the Declaration of N. Grannis (Chief of Inmate Appeals Branch) in

18   Support of Defendants' Motion to Dismiss, Plaintiff did not file a third level appeal for his claims

19   relating to being forcibly drugging by Defendants.  (*Declaration* ¶ 7.)  Grannis states that the only

20   documents produced by the records search concern two prior third level appeals by Plaintiff in unrelated

21   matters in the year 2001, alleging untimely distribution of medication in one instance and non-receipt of

22   medication in the other.  *(Declaration of N. Grannis in Support of Defendants' Motion to Dismiss*

23   *("Declaration") ¶ 8; Defendants' Memorandum, 6.)*

24   Plaintiff's complaint and the attached exhibits indicate that Plaintiff submitted a CDC 602

25   Inmate Appeal form on January 17, 2005 (Log No. 05-249) complaining that he was involuntarily

26   medicated with psychotropic drugs.  (*Complaint*, Ex. "A," CDC 602 Inmate Appeal form signed 1/17/05

27   by Plaintiff.)  Plaintiff's 1/17/05 CDC 602 form details the events that now form the basis of his civil

28   rights claims, specifically describing his diagnosis as being psychotic and a potential danger to others,

1    and being forced to take anti-psychotic medication without the benefit of a hearing before a medications

2    review panel.  Plaintiff requested in his 1/17/05 CDC 602 form that the two doctors who medicated him

3    against his will be reprimanded.[2]  Plaintiff appealed to the second level of review following the

4    submission of his 1/17/05 CDC 602 form.  On March 25, 2005, Plaintiff received a memorandum of

5    appeal decision from the Chief Deputy Warden regarding Appeal Log No. 05-249, entitled Second

6    Level Review.  (*Complaint*, Ex. "A," 3/25/05 Second Level Review Appeal Memorandum Re: Log No.

7    05-249.)  The memorandum informed Plaintiff that his appeal at the second level of review had been

8    partially granted, and that his grievance was being referred by the Warden for a "supervisory fact-

9    finding investigation."  (*Id*.)  The memorandum further advised Plaintiff that "[i]n the event of staff

10   misconduct, the institutional supervisory and administrative staff will take the appropriate course of

11   action. However this would be confidential information, which would not be released..." (*Id*.)   The

12   memorandum did not counsel that any further review was available.

13        If an appeal is granted at a lower level in the administrative process, or partially granted to the

14   extent that the prisoner has received all "available" remedies, the Ninth Circuit has held that the prisoner

15   does not need to appeal to the third (Director's) level of administrative review.  *Brown v. Valoff*, 422

16   F.3d 926, 935 (9th Cir. 2005) ("We conclude, as have ...other circuits, that a prisoner need not press on

17   to exhaust further levels of review once he has received all 'available' remedies at an intermediate level

18   of review or been reliably informed by an administrator that no [further] remedies are available.").  In

19   *Brown*, the court specifically addressed the case where, as here, a second level response memorandum

20   characterized the prisoner's "appeal issue" as involving a complaint against prison staff, stated that the

21   "appeal decision" was "partially granted" such that an investigation would take place, and advised the

22   prisoner that the results would be confidential.  *Brown*, 422 F.3d at 937.  The court noted that "the

23   reasonable import of this memoranda is that no further relief will be available through the appeals

24   process, but the confidential staff complaint investigation would go forward and could result in some

25   administrative action based on [the prisoner's] complaint."  *Id*. at 937-38.  In reaching the conclusion

26

27        [2] Plaintiff's 1/17/05 CDC 602 form only names the two defendant doctors; it makes no reference to the seventeen
     additional named and unnamed defendants identified in Plaintiff's complaint.  However, the Ninth Circuit has held that

28   identification in the inmate appeal of each defendant by name is not necessary for exhaustion to occur.  *Butler v. Adams*, 387
     F.3d 1181, 1183 (9th Cir. 2005).

1   that a prisoner has exhausted his administrative remedies if his second level review results in a partial

2   grant of his appeal and the launching of a confidential investigation into a staff complaint, the court

3   determined the CDC's own policies and published manuals mandate such an outcome, concluding that

4   "[the Administrative Bulletin of the Department of Corrections] explains that staff misconduct

5   grievances are to be investigated only through the staff complaint process, thereby negating any

6   possibility of a parallel investigation through the appeal process.  Thus, once [a prisoner's] grievance

7   was categorized as a 'Staff Complaint'- which the entry in the 'appeal issue' box indicates that it was -

8   there was no possibility that it would be investigated again, separately, through the appeal process." *Id*.

9   at 939.   The court concluded that no further relief is "available" to a prisoner through the appeals

10  process once a staff misconduct investigation has been opened, and therefore the prisoner has exhausted

11  his available administrative remedies.  *Id*.  Applying the *Brown* holding to the facts of this case, Plaintiff

12  has adequately exhausted his administrative remedies, due to the fact that the his appeal was partially

13  granted at the second level of review, the appeal decision memorandum he received advised him that a

14  confidential investigation would commence, and did not counsel that any further review was available.

15  Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** to the extent

16  that it seeks dismissal of Plaintiff's federal claims.[3]

17          **2.      State Law Tort Claims: Compliance with the California Tort Claims Act**

18          Plaintiff also alleges claims for negligence against all defendants under California state law.

19  (*Complaint* ¶¶ 19-20.)  Defendants argue that Plaintiff's state law claims should be dismissed for failure

20  to file a timely government claim pursuant to the California Tort Claims Act, Cal. Gov't. Code §§ 900 *et*

21

22          [3] The Court notes that Defendants do not discuss anywhere in their pleadings the existence of the second level
23  review appeal memorandum, its impact on this case, or the Ninth Circuit's recent holding in *Brown v. Valoff*, in spite of the
    fact that the memorandum is attached to Plaintiff's complaint as part of Exhibit "A," Defendants were served with Plaintiff's
24  complaint, and refer to Exhibit A's other contents in the body of their Points and Authorities.  Defendants instead argue that
    Plaintiff's 4/27/05 CDC 602 form, also attached to the complaint in Exhibit "A," constitutes his procedurally defective and
25  untimely attempt to exhaust his administrative remedies.  (*Defendant's Memorandum*, 6.)  Based on the second level review
    appeal memorandum (dated 3/25/05) attached to Plaintiff's complaint and the Ninth Circuit holding in *Brown*, Defendants'
26  argument that Plaintiff did not properly exhaust his administrative remedies not only fails, but is completely misleading.  The
    Court reminds counsel of his duty of candor to the Court, *see e.g.* Cal. Rules Prof. Conduct, Rule 5-200(B) (counsel shall not
27  mislead the court regarding the facts or the law) and ABA Model Rules Prof. Conduct 3.3 (lawyer shall not knowingly fail to
    disclose to the tribunal legal authority in the controlling jurisdiction know to the lawyer to be directly adverse to the position
28  of the client and not disclosed by opposing counsel) and cautions counsel that he may be subject to disciplinary action for
    violation of these rules. *Transamerica Leasing, Inc. v. Compania Anonima Venezolana de Vavegacion*, 93 F.3d 675, 675-76
    (9th Cir. 1996).

*seq.* (*Defendants' Memorandum*, 1.)   California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. *See* Cal. Gov't. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.   Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).   To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).   Although Plaintiff has demonstrated successfully that he utilized the prison grievance process by filing an inmate appeal, that does *not* satisfy the Tort Claims Act with respect to his state law negligence claims.   Plaintiff alleges in Paragraph 11 of his complaint that "the time limit has elapsed for the State Board's response to Hendon's administrative tort claim."   This cursory statement, construed as liberally as possible by the Court, is insufficient to demonstrate compliance with the Tort Claims Act.   Plaintiff provides no facts related to when such a claim was made, and attaches no proof to his complaint that any claim was filed. Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** to the extent that Plaintiff's state law claims be **DISMISSED** without prejudice.

### 3.   Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).   "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988), quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) and *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980).   "[B]efore dismissing a *pro se* civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi*, 839 F.2d at 624, citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Noll*, 809 F.2d at 1448-49.   In this case, Plaintiff has not been advised previously of the deficiencies in his complaint and has had no previous opportunities to amend.   It is possible that Plaintiff could add sufficient facts to his complaint and attach the appropriate documentation necessary to allege

compliance with the California Tort Claims Act and to state a valid state law negligence claim. Therefore, the Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend his complaint in the event that this deficiency is curable.

### CONCLUSION

Based on the foregoing reasons, the Court **RECOMMENDS** that:

1.      Defendants' Motion to Dismiss be **DENIED** to the extent that it seeks dismissal of Plaintiff's federal claims;

2.      Defendants' Motion to Dismiss be **GRANTED** to the extent that it seeks dismissal of Plaintiff's state law claims, and those claims be **DISMISSED** without prejudice for Plaintiff's failure to comply with the California Tort Claims Act; and,

3.      Plaintiff be **GRANTED** leave to file an amended complaint.

This report and recommendation of the undersigned Magistrate Judge is submitted pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

**IT IS HEREBY ORDERED** that no later than ***November 20, 2006*** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***December 1, 2006.***  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  October 20, 2006

Hon. Nita L. Stormes
U.S. Magistrate Judge