# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON | Civil No. 06CV1060 J (NLS) |
| Plaintiff, | |
| v. | **ORDER:** |
| | **(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;** |
| RAMSEY, et al., | |
| Defendants. | **(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. NO. 28]; and** |
| | **(3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [DOC. NO. 46].** |

Plaintiff Carlos Hendon ("Plaintiff"), a California state prisoner proceeding *pro se*, filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"), in which he alleges that prison medical staff ("Defendants") forcibly drugged him in violation of his civil rights. [Doc. No. 1.] On September 22, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint. [Doc. No. 28.] Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Nita L. Stormes recommending that the Court grant in part and deny in part Defendants' Motion to Dismiss Plaintiff's Complaint. [Doc. No. 36.] On November 17, 2006,

Defendants filed their Objections to the R&R.  [Doc. No. 43.]  For the reasons set forth below, the Court **ADOPTS** the R&R and **DENIES IN PART AND GRANTS IN PART** Defendants' Motion to Dismiss.  Further, the Court **GRANTS** Plaintiff leave to amend his Complaint.

### *Background*

Plaintiff is an inmate committed to the custody of the California Department of Corrections ("CDC"), and the events giving rise to the causes of action herein occurred when Plaintiff was housed at R.J. Donovan Correctional Facility ("RJDCF").  (*See* Compl. ¶ 3.)  Plaintiff named multiple Defendants in his Complaint, including Homer Ramsey, a psychiatrist at RJDCF, Margo Parker, a psychologist at RJDCF, several registered nurses employed at the prison, an unnamed medical contractor, a medical technical assistant, and various named RJDCF correctional officers.  (*Id.* ¶¶ 4-8.)

According to the Complaint, Defendants Ramsey and Parker diagnosed Plaintiff as being suicidal, psychotic, and a potential danger to others.  As a result, Plaintiff received "mental health crisis bed treatment."  (*Id.* ¶12.)  Plaintiff alleges that Defendants Ramsey and Parker prescribed psychotropic drugs and ordered the drugs to be forcibly administered to Plaintiff against his will.  (*Id.* ¶¶ 12-14.)  Plaintiff alleges that these activities occurred during the following periods: (1) November 14, 2003, to November 26, 2003; (2) May 7, 2004, to at least July 13, 2004; and (3) other unknown dates.  (*Id.*)  Plaintiff asserts that Defendant medical contractor created or allowed the continuance of a policy that permitted physicians to forcibly administer medication to an inmate with no immediate indications of violence.  ( *Id.* ¶¶ 13, 22.) Plaintiff further alleges that the remaining Defendants, all part of the prison staff, aided in forcibly medicating Plaintiff by extracting him from his cell and/or administering the medications to Plaintiff.  (*Id.* ¶ 12.)  Plaintiff asserts that he suffered side effects from the administered medications, including stiffness, a shuffling gait, weight gain, high blood pressure and cholesterol, dry mouth, hallucinations, and symptoms akin to having Parkinson's disease.  (*Id.* ¶ 17.) Plaintiff alleges that he was not afforded protections required by CDC policy, which mandates that a prisoner be given notice and a hearing prior to the administration of long-term, involuntary psychotropic drugs.  (*Id.* ¶¶ 12, 16.)

1  Plaintiff alleges that the failure of Defendants Parker and Ramsey to follow CDC policy
2 before ordering the forcible administration of drugs constitutes a violation of Plaintiff's right to
3 due process under the Fourteenth Amendment and negligence under state law.  (*Id.* ¶¶ 19-21.)
4 Plaintiff further alleges that Defendant medical contractor's policy or custom permitting
5 physicians to determine when a nonviolent inmate should be forcibly drugged constitutes a
6 violation of the Eighth Amendment, a violation of Plaintiff's right to due process under the
7 Fourteenth Amendment, and negligence under state law.  (*Id.* ¶ 22.)  Finally, Plaintiff asserts that
8 Defendants' actions in forcibly drugging Plaintiff or in failing to prevent such drugging
9 constitute a violation of the Eighth Amendment, a violation of Plaintiff's right to due process
10 under the Fourteenth Amendment, and negligence under state law.  (*Id.* ¶ 23.)

11  In their Motion to Dismiss, Defendants argue that Plaintiff failed to exhaust his adminis-
12 trative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA").
13 (*See* Defs.' Mem. P. & A. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 1.)  Defendants further
14 argue that Plaintiff's state law claims should be dismissed for failure to file a timely government
15 claim as required under California law.  (*See id.*)

### *Legal Standard*

17  The duties of the district court in connection with a magistrate judge's R&R are set forth
18 in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *See* Fed. R.
19 Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005).  The district court must "make a de novo determina-
20 tion of those portions of the report . . . to which objection is made," and "may accept, reject, or
21 modify, in whole or in part, the findings or recommendations made by the magistrate judge."
22 *See* 28 U.S.C. § 636(b)(1) (2005); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

23  Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate only
24 where " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his
25 claim which would entitle him to relief.' "  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061
26 (9th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A complaint may be
27 dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2)
28 insufficient facts under a cognizable theory.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

Case 3:06-cv-01060-CAB   Document 49   Filed 04/12/07   PageID.195   Page 4 of 10

2001). In reviewing the motion, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).

## *Discussion*

Plaintiff contends in this Section 1983 action that Defendants forcibly drugged him in violation of the Fourteenth Amendment, the Eighth Amendment, and state negligence law. (Compl. ¶¶ 21-23.) In response, Defendants assert that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed in several respects to properly exhaust his administrative remedies prior to filing his Complaint. (*See* Defs.' Mem. at 1.) Defendants further argue that Plaintiff's state law claims should be dismissed for failure to file a timely government claim pursuant to the California Tort Claims Act ("CTCA"). (*See* Defs.' Mem. at 1.) For the reasons stated below, the Court **ADOPTS** the R&R and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss. Further, the Court **GRANTS** Plaintiff leave to amend his Complaint.

### I. Exhaustion of Administrative Remedies

The PLRA imposes an exhaustion requirement on prisoners bringing claims under Section 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). Plaintiff's alleged failure to exhaust administrative remedies prior to filing suit is subject to an unenumerated Rule 12(b)(6) motion, and Defendants "have the burden of raising and proving exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See id.* at 1120. If the court determines that a plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy. *See id.*

The administrative appeals process for California inmates is set forth in Title 15 of the California Code of Regulations, which provides that "[a]ny inmate . . . may appeal any departmental decision, action, condition, or policy received by those individuals as adversely affecting

4    06cv1060 J (NLS)

their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2006). The process consists of four steps. First the inmate must attempt to informally resolve his or her problem with the staff member involved. Cal. Code Regs. tit. 15, § 3084.5(a) (2006). Next, if unsuccessful, the inmate can submit a formal grievance on the CDC inmate appeal form, called a 602 form. Cal. Code Regs. tit. 15, § 3084.5(b). If denied at that level, the inmate can appeal to the second level of formal review, which is conducted by the institution head or his or her designee. Cal. Code Regs. tit. 15, § 3084.5(c). The third and final level of formal review, called the "Director's Level," is conducted by the Director of CDC or his or her designee. Cal. Dep't of Corrs. Operations Manual § 54100.11 (1995); *Nichols v. Logan*, 355 F. Supp. 2d 1155, 1161 (S.D. Cal. 2004).

Defendants do not dispute that Plaintiff pursued his administrative remedies through the third and final level of formal review. (*See* Objections to R&R at 3.) However, Defendants argue that Plaintiff still failed to exhaust his federal claims because (1) his administrative grievances did not name all of the Defendants presently named in the Complaint, and (2) his administrative grievances did not contain all of the dates of alleged illegal conduct presently listed in the Complaint. (*See id.* at 4-9.)

### A. Plaintiff was Not Required to Name All Defendants in His Administrative Grievance to Satisfy the PLRA Exhaustion Requirement

Plaintiff alleged in his 602 form that he was forcibly drugged with anti-psychotic medications by Defendants Ramsey and Parker. (*See* Compl. App. A.) Plaintiff names an additional seventeen Defendants in his Complaint. (*See* Compl. ¶¶ 6-8.) Defendants claim that because Plaintiff named only Ramsey and Parker on his 602 form, he failed to properly exhaust his administrative remedies against the seventeen other Defendants named in his Complaint. (*See* Objections to R&R at 4.) As such, Defendants argue that Plaintiff's Complaint should be dismissed as to the seventeen additional individuals. (*See id.*)

To "properly" exhaust his administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. ___, 126 S. Ct. 2378, 2386 (2006). Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."

With respect to the level of specificity required in a prisoner grievance, the Supreme Court recently held that a prisoner need not identify all of the defendants named in his lawsuit during the administrative grievance process. *Jones v. Bock*, 549 U.S. ___, 127 S. Ct. 910, 922-23 (2007); *see also Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). Following denial of his prison grievances for inadequate medical care, the plaintiff in *Jones*, an inmate of the Michigan Department of Corrections ("MDOC"), filed a Section 1983 action, naming as defendants several individuals not named during the grievance process. *Jones*, 127 S. Ct. at 917. The district court dismissed plaintiff's complaint for failure to exhaust administrative remedies because he had not identified any of the defendants named in his lawsuit during the grievance process; the Sixth Circuit upheld the ruling. The Supreme Court, however, held that in the absence of a prison grievance procedure mandating the naming of each individual, the Sixth Circuit rule imposing such a prerequisite to proper exhaustion was unwarranted. *Id.* at 923. The MDOC grievance form did not require a prisoner to identify a particular responsible party. Because the administrative appeals system did not require the prisoner to identify all potential defendants by name, his failure to do so was not fatal to his attempts to satisfy 42 U.S.C. §1997e(a). *See id.* at 922-23. As stated by the Court, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

Similar to the grievance form in *Jones*, the 602 form used to initiate a CDC grievance does not require an inmate to name or identify specific persons. *See* Cal. Code Regs., tit. 15, § 3085.2(a)(1). The 602 form requires an inmate only to describe the problem and the action which is requested. *See id.* Thus, because the CDC's own regulations do not require the prisoner to identify all potential defendants by name in the grievance, the PLRA cannot impose such a requirement as a prerequisite to exhaustion. *See Jones*, 127 S. Ct. at 923. As such, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint as to all Defendants other than Ramsey and Parker.

//

//

**B.      Plaintiff was Not Required to Identify All Dates in His Administrative Grievance to Satisfy the PLRA Exhaustion Requirement**

In his original 602 form, Plaintiff alleged that he was forcibly drugged with anti-psychotic drugs from May 7, 2004, through July 13, 2004.  (*See* Compl. App. A.)  However, in his Complaint, Plaintiff alleges he was forcibly drugged on additional occasions at RJDCF, including November 14, 2003, to November 26, 2003, and other periods of "indeterminate lengths beg[inning] on March 25, 2004; April 6, 2004; and other unknown dates."  (Compl. ¶ 14.)  Defendants claim that because Plaintiff identified only the period of May 7, 2004, through July 13, 2004, on his 602 form, he did not properly exhaust his administrative remedies with regard to the additional periods of time listed in his Complaint.  (*See* Objections to R&R at 9.)  As such, Defendants move to dismiss the portions of Plaintiff's Complaint relating to any period other than May 7, 2004, through July 13, 2004, for failure to properly exhaust.  (*See id.*)

To "properly" exhaust, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules."  *Woodford v. Ngo*, 126 S. Ct. at 2386.  Thus, the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 127 S. Ct. at 923; *see also Holley v. Cal. Dep't of Corrs.*, 2007 U.S. Dist. LEXIS 12683, at *20-21 (E.D. Cal. Feb. 23, 2007) ("[I]f an administrative appeals system does not require a prisoner to itemize or specify the legal theories under which he intends to proceed should he pursue a lawsuit, his failure to do so is not fatal to his attempts to satisfy the exhaustion requirement.").  Here, the 602 form does not require a prisoner to specify all dates for which he or she is seeking redress.  The applicable regulations instruct California prisoners to use the required form and to "describe the problem and action requested," but they do not require any specific content.  *See* Cal. Code Regs. tit. 15, §§ 3084.2(a), 3085.2(a)(1).  Thus, because the CDC's own regulations do not require prisoners to specify all incident dates in the grievance, the PLRA cannot impose such a requirement as a prerequisite to exhaustion.  *See Jones*, 127 S. Ct. at 923.

Defendants argue that "each occurrence is a separate and unique incident with its own set of operative facts and circumstances," and therefore Plaintiff should have specified the period of time for each incident in his 602 form. (*See* Objections to R&R at 9.) However, the basic premise of the exhaustion requirement is to put prison officials on notice of any potential Section 1983 claims to the extent consistent with what an administrative grievance procedure requires. *See Jones*, 127 S. Ct. at 923. All that the CDC's regulations require is that Plaintiff "describe the problem and action requested." *See* Cal. Code Regs. tit. 15, §§ 3084.2(a), 3085.2(a)(1). Regardless of the additional dates of injury alleged in Plaintiff's Complaint, Plaintiff's 602 form and Complaint contain the same set of facts describing the official conduct at issue. Plaintiff's 602 form therefore gave prison officials sufficient notice of the potential Section 1983 claims that could arise from the alleged illegal conduct. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint for any period other than May 7, 2004, through July 13, 2004.

**II. Compliance with the California Tort Claims Act**

Plaintiff alleges that Defendants were negligent under California state law. (Compl. ¶¶ 19-20.) Defendants argue that Plaintiff's state law claims should be dismissed for failure to file a timely government claim pursuant to the CTCA, Cal. Gov't. Code §§ 900 *et seq*. (Defs.' Mem. at 1.)

The CTCA provides that a plaintiff may not bring a state law tort claim against a public entity for money or damages until "a written claim therefore has been presented to the public entity and has been acted upon by the [governing body of the local public entity], or has been deemed to have been rejected by the [governing body]." Cal. Gov't Code § 945.4 (West 2007). Further, a plaintiff is required to allege facts in his complaint sufficient to demonstrate or excuse compliance with the claim presentation requirement as a condition precedent to the maintenance of an action. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *California v. Super. Ct.*, 32 Cal. 4th 1234, 1240, 1243 (2004).

A tort claim against a state public entity or its employees must be presented to the California Victim Compensation and Government Claims Board no more than six months after

the cause of action accrues. *See* Cal. Gov't Code § 911.2 (West 2007).  A cause of action against a public employee for injury resulting from an act or omission in the scope of his or her employment is barred if an action against the employing public entity is barred. *See* Cal. Gov't. Code § 950.2 (West 2007).

Here, Plaintiff's Complaint does not satisfy the CTCA with respect to his state law negligence claims.  Even when construed as liberally as possible by the Court, Plaintiff's statement in Paragraph 11 of his Complaint that "the time limit has elapsed for the State Board's Response to Hendon's administrative tort claim" is insufficient to demonstrate compliance with the CTCA.  Plaintiff does not provide sufficient facts establishing when the claim was made, nor does he attach proof to his Complaint that any claim was filed.  Accordingly, this Court **GRANTS** Defendants' Motion as to Plaintiff's state law claims and dismisses these claims **WITHOUT PREJUDICE**.

### III. Leave to Amend the Complaint

Plaintiff has filed a Motion for Leave to File an Amended Complaint.  [Doc. No. 46.] Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Unless it is absolutely clear that amendments to the complaint cannot cure its deficiencies, a *pro se* litigant must be given leave to amend, and the district court must give the plaintiff a statement of the complaint's deficiencies. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Here, Plaintiff can cure the deficiencies in his state law claim if he adds sufficient facts to his Complaint establishing the date on which he submitted an administrative claim, if he attaches proof that such a claim was made, or if he alleges facts sufficient to excuse compliance with the claim presentation requirement.  Because there is at least some possibility that Plaintiff can correct the defects in his Complaint, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint.

### *Conclusion*

For the reasons set forth above, the Court **ADOPTS** the R&R and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.  The Court **GRANTS** Plaintiff thirty

(30) days from the date stamped "Filed" on this Order to file a First Amended Complaint which addresses each pleading deficiency noted above.  The Amended Complaint must be complete in itself without reference to the original Complaint.  *See* Local Rule 15.1.  All claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED:  April 12, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Stormes
    All Parties